

Case 09-91587    Filed 09/22/09    Doc 48

FILED

SEP 2 2 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 09-91587-D-7 |
| DEE JAY FISHER and HEATHER FISHER, | Docket Control No. SSA-2 |
| Debtors. | Date: September 9, 2009<br>Time: 10:30 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

Michael D. McGranahan, chapter 7 trustee (the "trustee"), has objected to a claim of exemption filed by Dee Jay Fisher and Heather Fisher (the "debtors"). The claim of exemption is of the debtors' interest in the real property commonly known as 1831 Redwood Road, Tracy, California (the "Tracy property").

For the reasons set forth below, the court will sustain the objection.

### I. INTRODUCTION

The debtors filed their chapter 7 petition commencing this case on May 29, 2009. In their C-schedule filed with the petition, the debtors listed the value of the Tracy property at $70,000 and claimed that amount as exempt under California Code of Civil Procedure ("CCP") § 704.730(a)(2).[1] According to the debtors' D-schedule, there are no liens against that property.

---

1. The debtors claimed the same exemption in an amended C-schedule filed June 24, 2009.

On July 16, 2009, the trustee timely filed his objection to the claim of exemption, together with a supporting declaration and exhibits. On July 27, 2009, the trustee submitted as an additional exhibit the transcript of the meeting of creditors in this case. On August 26, 2009, the debtors timely filed opposition to the objection, supported by declarations of each of them. On September 2, 2009, the trustee filed a reply to the debtors' opposition, and on September 9, 2009, the court heard oral argument on the matter.

## II. ANALYSIS

This court has jurisdiction over the objection pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The objection is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The objecting party, in this case the trustee, bears the burden of proving that a claimed exemption is improper. Fed. R. Bankr. P. 4003(c). Because a claimed exemption is presumptively valid, the objecting party must produce evidence to rebut the presumptively valid exemption, whereupon the burden of production shifts to the debtor to demonstrate that the exemption is proper. The burden of persuasion remains with the objecting party. <u>In re Carter</u>, 182 F.3d. 1027, 1029-30 n.3 (9th Cir. 1999). Exemptions are to be liberally construed in favor of debtors. <u>In re Lucas</u>, 77 B.R. 242, 245 (9th Cir. BAP 1987).

The debtors do not dispute the facts underlying the objection. First, on their petition, the debtors listed their street address as 1687 Brier Road, Turlock, California (the "Turlock property"). In their Statement of Financial Affairs, in answer to the question calling for other premises occupied in the

prior three years, they listed no other addresses. At the meeting of creditors, the debtors testified that they purchased the Tracy property in 1999, that at the time the petition was filed, they did not reside in the Tracy property, but instead had been using it as a rental, that they currently had a tenant in the Tracy property and were collecting $650 per month in rent, and that they lived in the Turlock property at the time the petition was filed.[2]

In response to the objection, the debtors contend they had lived in the Tracy property until 2007 and, as of the petition date, they intended to move back to the Tracy property after their tenant moved out. The debtors testified in their declarations that prior to filing the petition, they consulted with their attorney to determine their options for saving the Turlock property from foreclosure, that it became apparent to them they would not be able to do so, that they decided their only option was to return to the Tracy property, and that they therefore contacted their tenant and informed him he would need to vacate the premises within 60 days.

On April 20, 2009, Mrs. Fisher gave birth to a child, an event the debtors contend slowed the timing of their move back into the Tracy property. They finally moved into the Tracy property on or about August 4, 2009, approximately three months after they filed their petition.

The issue is whether the debtors' intent to move back into the Tracy property is sufficient to make that property their

---

2. Declaration of Michael D. McGranahan, filed July 16, 2009, submitted without objection from the debtors.

"homestead," as the term is used in CCP § 704.710(c). "The essential factors in determining residency for homestead purposes are physical occupancy of the property and the intent to live there." In re Dodge, 138 B.R. 602, 607 (Bankr. E.D. Cal. 1992), citing Ellsworth v. Marshall, 196 Cal. App. 2d 471, 474 (1961).

The debtors are correct that a temporary absence from a residence is not necessarily a bar to a homestead exemption. Dodge at 607. As the debtors point out, the applicable code section, CCP § 704.710, subd. (c), was amended in 1983 to delete the word "actually" from before the word "reside." The purpose was to "to avoid a possible construction that a person temporarily absent (such as a person on vacation or in the hospital) could not claim a dwelling exemption for his or her principal dwelling, . . . , merely because the person is temporarily absent, even though the dwelling is the person's principal dwelling and residence." Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc. (2009 ed.) foll. § 704.710, p. 131.

The debtors' circumstances are substantially different from the situation of a person absent from his or her home because he or she is on vacation or in the hospital. The debtors here had purchased the Turlock property and moved from Tracy between one and two years before they filed their petition, and had rented out the Tracy property. The respective values of the two properties, as listed in the debtors' A-schedule, suggest that the debtors viewed the Turlock property as a "move-up" home. There is no indication that at the time they moved, they did not intend the Turlock property to be their principal residence.

- 4 -

The debtors' position overlooks the requirement of § 704.710, subd. (c) that the debtor's or the debtor's spouse's residence in the particular dwelling must have been <u>continuous</u> up to the date a court determines that the dwelling is a homestead. In this case, there was more than a temporary absence from a principal dwelling -- there was the substitution of one principal dwelling for another; that is, the one in Turlock for the one in Tracy. There is every reason to believe that had property values increased, such that the debtors built up equity in the Turlock residence, they would have claimed that residence as their homestead, rather than the Tracy property.

The debtors' situation is similar to that in <u>In re Anderson</u>, 824 F.2d 754 (9th Cir. 1987). In that case, prior to filing their bankruptcy petition, the debtors had purchased a home in Sonoma and moved there, leasing their Mendocino home to tenants, but claimed the Mendocino home as exempt in their bankruptcy schedules. The purpose of the debtors' move to Sonoma was for one of them to be closer to the college he was attending. The court found that "the absence from Mendocino could not be construed as a temporary absence like a vacation or hospital stay which the homestead statutes are designed to excuse" (<u>Anderson</u> at 756), and thus, that the debtors were not entitled to the homestead exemption. <u>Ibid</u>. at 757.[3]

The fact that the debtors had equity in the Mendocino home but little or none in the Sonoma home was not relevant.

---

3. The primary focus of the <u>Anderson</u> decision was on the declared homestead provisions found in CCP §§ 704.910-704.995. The debtors in this case do not contend they have rights under a declared homestead.

> While it is true that the Andersons have little or no
> equity in the Sonoma home to protect, they could have
> transferred their equity in the Mendocino house to the
> Sonoma home: one may voluntarily sell a declared
> homestead, invest the proceeds in a new homestead
> within six months, and declare an exemption in the new
> property that relates back to the time of the original
> homestead. See Cal. Civ. Proc. Code §§ 704.720(b),
> 704.960. . . . They had an opportunity to protect their
> equity by transferring it to the Sonoma home, but
> failed to take the appropriate action.

Anderson at 760.

Similarly, the fact that the debtors have equity in the Tracy property, but none in the Turlock property, is not relevant to this decision. Nor is the unfortunate fact that property values have decreased.

In short, the court finds the facts of this case to be materially closer to those in Anderson than to those in cases in which the homestead was allowed. For example, in In re Bruton, 167 B.R. 923 (Bankr. S.D. Cal. 1994), cited by the debtors, the court allowed the debtor's exemption of his interest in a condo in San Diego, although he had been working in Concord for four months by the time of his bankruptcy filing. He never moved his furniture from the San Diego condo, did not rent an apartment in Concord, did not change his driver's license address, but did return to San Diego for long weekends.[4]

---

4. See also In re Pham, 177 B.R. 914 (Bankr. C.D. Cal. 1994), in which the debtors claimed a homestead exemption in their property in Bakersfield, but had jobs in Los Angeles. They initially commuted daily to Los Angeles, but later rented an apartment there. The debtors' eldest daughter continued to reside in the Bakersfield property, paying no rent, and the debtors left the majority of their furniture and possessions there, returning on weekends and holidays. And in In re Dodge, 138 B.R. 602 (Bankr. E.D. Cal. 1992), the debtors claimed an exemption in their house in Sacramento, although the wife was
(continued...)

In In re Yau, 115 B.R. 245 (Bankr. C.D. Cal. 1990), prior to their bankruptcy filing, the debtors moved from their Glendale home to the home of one of their parents in Monterey Park because they could no longer afford the mortgage payments on the Glendale house. They leased the Glendale property to a tenant, but in support of their claim of a homestead exemption, contended they hoped to return to the Glendale property at some time in the future.

Holding that the debtors were not temporarily absent from the Glendale property, the court observed that the debtors provided no evidence of how much time might lapse before they might return or whether they would ever return. Yau at 249. The debtors in the present case have in fact returned to the Tracy property, three months after filing their petition.[5]

The difference, however, is that in the interim, they purchased and moved into a different home, thus establishing a new homestead and breaking the chain of continuous residency in the Tracy property. To allow the Tracy homestead exemption in these circumstances would defeat the purpose of § 704.710(c), which is "'to preclude a judgment debtor from moving into a

---

4.(...continued)
working in Salinas and renting a one-bedroom apartment there, returning to the Sacramento house on the weekends, while the husband usually stayed at the Sacramento house but made occasional trips to Salinas.

5. On September 15, 2009, after the record on this matter had closed, the debtors filed a change of address, listing as their new address an address on Kasson Road in Tracy; that is, at a property other than either of the two that are at issue here. The court mentions this change of address only for the purpose of advising the parties that this change of address has no bearing on the present decision.

dwelling after creation of a judgment lien or after levy in order to create an exemption.'" <u>Hastings v. Holmes (In re Hastings)</u>, 185 B.R. 811, 814 (9th Cir. BAP 1995), quoting the legislative committee comment to CCP § 704.710(c).

### III. Conclusion

For the reasons set forth above, the objection will be sustained. The court will issue an appropriate order.

Dated: September 22, 2009

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

Case 09-91587    Filed 09/22/09    Doc 48

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Brian Haddix
1012 11th Street, #201
Modesto, CA 95354-0826

Dee Jay & Heather Fisher
30000-62 Kasson Rd.
Tracy, CA 95304

Michael McGranahan
P.O. Box 5018
Modesto, CA 95352

Steven Altman
1127 12th Street, 203
Modesto, CA 95354

DATE:    SEP 2 2 2009

_____
Deputy Clerk